**WO**  RP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent F. Rivera, ) | No. CV-06-1263-PHX-MHM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Janet Napolitano, et al., ) | |
| Defendants. ) | |

Pending before the Court in this closed case is Plaintiff's "Motion To Reopen The Judgment And Memorandum Of Law" (Doc. #15).

**I.  Procedural Background**

On May 9, 2006, Plaintiff Vincent F. Rivera, confined in the Santa Rosa Correctional Institute in Milton, Florida, filed a *pro se* Complaint (Doc. #1) pursuant to 28 U.S.C. § 1332. Plaintiff did not immediately pay the $350.00 filing fee but filed an uncertified "Motion For Leave To Proceed In Forma Pauperis" with his Complaint.

Plaintiff's Motion To Proceed was deficient because it had not been certified by an authorized officer of the institution and it did not include a certified copy of his trust fund account statement for the six months immediately preceding the filing of the Complaint. Accordingly, by Order filed June 14, 2006 (Doc. #3), Plaintiff's Motion To Proceed was denied without prejudice and Plaintiff was given 30 days to either pay the $350.00 filing fee

1  or file an Application To Proceed *In Forma Pauperis* and a certified copy of his trust fund
2  account statement for the six months immediately preceding the filing of the Complaint.
3  When Plaintiff failed to comply with the Court's Order, the Court, by Order filed
4  September 13, 2006 (Doc. #5), dismissed the Complaint and this action without prejudice
5  pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Judgment was entered on
6  September 13, 2006 (Doc. #6).
7  On October 2, 2006, Plaintiff filed a "Notice Of Appeal/Application For A Certificate
8  Of Appealability" (Doc. #7). On February 27, 2007, The Ninth Circuit Court of Appeals
9  dismissed Plaintiff's appeal for failure to prosecute.

## II.  Motion to Reopen the Judgment

On March 10, 2008, Plaintiff filed a "Motion To Reopen The Judgment And Memorandum Of Law" (Doc. #15). Plaintiff brings his Motion pursuant to Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure.

Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)). Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The Court's judgment that Plaintiff seeks to reopen in his Motion was entered on September 13, 2006 (Doc. #6). Accordingly, Plaintiff cannot bring this Motion under Rule 60(b)(3) because he filed it well over a year after judgment was entered.

Moreover, the Court finds that Plaintiff's Motion is also untimely to the extent that Plaintiff brings it pursuant to Rule 60(b)(6). Under the circumstances of this case, Plaintiff has not brought his Motion "within a reasonable time" when judgment was entered almost

1 a year and a half before Plaintiff filed his Motion, and over a year after the Ninth Circuit
2 dismissed his appeal.  Accordingly, Plaintiff's Motion will be denied as untimely pursuant
3 to Rule 60(c)(1) of the Federal Rules of Civil Procedure.

4     **IT IS ORDERED** that Plaintiff's "Motion To Reopen The Judgment And
5 Memorandum Of Law" (Doc. #15) is **denied**.

6     DATED this 26th day of March, 2008.

_____
Mary H. Murguia
United States District Judge

- 3 -