**WO**  RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vincent F. Rivera,<br><br>    Plaintiff,<br><br>vs.<br><br>Janet Napolitano, et al.,<br><br>    Defendants. | No. CV-06-1263-PHX-MHM (DKD)<br><br>**ORDER** |

Pending before the Court in this closed case is Plaintiff's "Motion To Reinstate The Case & Memorandum Of Law" (Doc. #17). The Court will deny the Motion.

**I.	Procedural Background**

On May 9, 2006, Plaintiff Vincent F. Rivera, confined in the Santa Rosa Correctional Institute in Milton, Florida, filed a *pro se* Complaint (Doc. #1) pursuant to 28 U.S.C. § 1332. Plaintiff did not immediately pay the $350.00 filing fee but filed an uncertified "Motion For Leave To Proceed In Forma Pauperis" with his Complaint.

Plaintiff's Motion To Proceed was deficient because it had not been certified by an authorized officer of the institution and it did not include a certified copy of his trust fund account statement for the six months immediately preceding the filing of the Complaint. Accordingly, by Order filed June 14, 2006 (Doc. #3), Plaintiff's Motion To Proceed was denied without prejudice and Plaintiff was given 30 days to either pay the $350.00 filing fee

- 1 -

1 or file an Application To Proceed *In Forma Pauperis* and a certified copy of his trust fund account statement for the six months immediately preceding the filing of the Complaint.

When Plaintiff failed to comply with the Court's Order, the Court, by Order filed September 13, 2006 (Doc. #5), dismissed the Complaint and this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Judgment was entered on September 13, 2006 (Doc. #6).

On October 2, 2006, Plaintiff filed a "Notice Of Appeal/Application For A Certificate Of Appealability" (Doc. #7). On February 27, 2007, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal for failure to prosecute.

Then, on March 10, 2008, Plaintiff filed a "Motion To Reopen The Judgment And Memorandum Of Law" (Doc. #15). By Order filed March 27, 2008 (Doc. #16), the Court denied the Motion as untimely pursuant to Rule 60(c)(1) of the Federal Rules of Civil Procedure.

**II.     Motion to Reinstate the Case**

On August 25, 2008, Plaintiff filed a "Motion To Reinstate The Case & Memorandum Of Law" (Doc. #17). Plaintiff gives no jurisdictional basis for his Motion.

In the present case, where Plaintiff submitted his Motion after entry of judgment, the only appropriate procedural devices are: (1) a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure; or (2) a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure. Here, Plaintiff did not serve his Motion to Reinstate within ten (10) days as required by Rule 59. See McConnell v. MEBA Medical & Benefits Plan, 759 F.2d 1401, 1406 (9th Cir. 1985) ("The ten-day limitation is to be strictly construed."). Thus, the Motion will be treated as one brought under Rule 60(b). See United States v. Nutri-Cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991) (motion to reconsider can be construed as Rule 60 or Rule 59 motion even when movant brought it under local rules and cited no governing Federal Rules of Civil Procedure).

1     Rule 60(b) "provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)). Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

    The Court's judgment that Plaintiff seeks to reopen in his Motion was entered on September 13, 2006 (Doc. #6). Accordingly, Plaintiff's Motion is untimely under Rule 60(b)(1), 60(b)(2), and 60(b)(3) because he filed it well over a year after judgment was entered.

    Moreover, the Court finds that Plaintiff's Motion is also untimely under Rule 60(b)(4), 60(b)(5), and 60(b)(6). Under the circumstances of this case, Plaintiff has not brought his Motion "within a reasonable time" when judgment was entered almost two years before Plaintiff filed his Motion, and almost a year and a half after the Ninth Circuit dismissed his appeal. Accordingly, Plaintiff's Motion will be denied as untimely pursuant to Rule 60(c)(1) of the Federal Rules of Civil Procedure.

**IT IS ORDERED**:

    (1) Plaintiff's "Motion To Reinstate The Case & Memorandum Of Law" (Doc. #17), which the Court is **treating** as being brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is **denied**.

    (2) Plaintiff **must not file** any further documents in this closed case.

    DATED this 12th day of September, 2008.

_____
Mary H. Murguia
United States District Judge